UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL N. FREDERICKS,

Plaintiff,

-against-

DETECTIVE JOHN DOE, DETECTIVE JOHN
DOE; ATTORNEY MARTHA LINEBURGER;
ATTORNEY KENNETH GILBERTH;
ATTORNEY MATTHEW TINSTON;
MENNIN F.; N.Y.P.D. OFFICER HASSEN,

Defendants.

20-CV-11043 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated at the Manhattan Detention Complex, brings this *pro se*

action under 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. By order

dated January 22, 2021, the Court granted Plaintiff's request to proceed without prepayment of

fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave

to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.

Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against three John Doe detectives and Police Officer Hassen

in the 75th Precinct in Brooklyn; Martha Lineburger, a Brooklyn Legal Aid attorney; Matthew

Finston, a Legal Aid attorney with the Rikers Island "parole violation writ court"; Kenneth

Gilberth, a Manhattan 18-b attorney; Manhattan Supreme Court Judge Mennin; and Brooklyn Criminal Court Judge John Doe. The complaint, which is not a model of clarity, contains the following allegations.

At some point before August 1, 2019, Plaintiff was "[supposedly] arrested" on a robbery charge near a bodega located at 963 Sutter Avenue. Plaintiff was taken to the 75th Precinct, where three "white detectives" assaulted him. Plaintiff was later taken to Brookdale Hospital to address an unspecified "mental" issue. (*Id.* ¶ 14.) The disposition of that arrest is not clear from the complaint.

On August 1, 2019, Plaintiff was "wrongfully accused" of robbery and arrested near the same Sutter Avenue bodega, and he was again taken to the 75th Precinct. Once there, Plaintiff got into a fight with another detainee, who sustained injury. Plaintiff was fingerprinted for the robbery charge, the fighting incident at the precinct, and for violating parole. On August 5, 2019, Plaintiff met with his defense attorney, Martha Lineburger, at "central booking," and thereafter the robbery charge was dismissed. (*Id.* ¶ 18.)

On December 3, 2020, Plaintiff "caught a new charge" inside of MDC where he is currently detained. (*Id.* ¶ 22.) Plaintiff's attorney, Gilberth, told Plaintiff that he had been charged with assaulting a correction officer. Plaintiff appeared before Judge Mennin in Manhattan Criminal Court, who set Plaintiff's bail at $ 300,000. According to Plaintiff, Judge Mennin lacks jurisdiction over his case. (*Id.* ¶ 31.) Plaintiff alleges that his substantive due process rights have been violated in connection with all his ongoing criminal proceedings.

Plaintiff also asserts that while at MDC he has been mistreated, neglected, humiliated, and abused, and that his "food, mail, freedom, live, eviden[ce] are being tamper[ed] with." (*Id.* ¶¶ 32, 34, 35.) Plaintiff seeks a minimum of $700,000 in damages.

**DISCUSSION**

**A.     Section 1983**

Plaintiff filed this complaint under 42 U.S.C. § 1983. To state a § 1983 claim, Plaintiff

must allege both that: (1) a right secured by the Constitution and laws of the United States was

violated, and (2) the right was violated by a person acting under the color of state law, or a "state

actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are not generally liable under

§ 1983, because they are not state actors. *See Sykes v. Bank of America*, 723 F.3d 399, 406 (2d

Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295

(2001)); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States

Constitution regulates only the Government, not private parties.").

**B.     Improper Defendants**

    1.     Attorneys

The representation of a defendant by private counsel generally does not constitute the

degree of state involvement or interference necessary to establish a claim under § 1983, even

where the attorney is appointed by the court. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir.

2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v.

Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a

state actor for purposes of § 1983). As Lineburger, Foster, and Gilbreth are private parties who

do not work for any state or other government body, Plaintiff has not stated a claim against these

defendants under § 1983.

    2.     Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the

scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts

arising out of, or related to, individual cases before the judge are considered judicial in nature."

4

*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Here, Plaintiff names Manhattan Judge Mennin, and Brooklyn Judge John Doe. But Plaintiff's claims are based on the judge's decisions, which are judicial in nature, and amount to a challenge to their handling of his criminal matters. Although Plaintiff alleges that Judge Mennin lacks jurisdiction over his case, there are no facts in the complaint to support that allegation.

## C.    Doe Detectives and Police Officer

### 1.    *Younger v. Harris*

The Court must dismiss any claims that Plaintiff asserts in which he asks the Court to intervene in his state criminal proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-

74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct.

584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is

required: When there is a parallel, pending state criminal proceeding, federal courts must refrain

from enjoining the state prosecution.").

      Plaintiff alleges no facts showing bad faith, harassment, or irreparable injury with respect

to his pending state-court criminal proceeding. The Court therefore cannot intervene in his

criminal proceedings and dismisses any such claims for injunctive relief and declaratory relief.

      The Court cannot dismiss, however, Plaintiff's claims for damages under *Younger*.

"[A]bstention and dismissal are inappropriate when damages are sought . . . even when a pending

state [criminal] proceeding raises identical issues and [the federal district court] would dismiss

otherwise identical claims for declaratory and injunctive relief." *Kirschner v. Klemons*, 225 F.3d

227, 238 (2d Cir. 2000); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("[E]ven if the *Younger*

doctrine requires abstention . . ., the District Court has no discretion to dismiss rather than to stay

claims for monetary relief that cannot be redressed in the state proceeding.").

      The Court therefore considers below whether Plaintiff states a claim on which relief can

be granted against any of the police department defendants.

      2.     False Arrest

      The complaint could be construed as asserting a claim for false arrest. For the elements of

a § 1983 false-arrest claim, the Court first looks to state law. *See Manuel v. City of Joliet, Ill.*, 137

S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for

'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018)

(holding that common law principles are meant simply to guide rather than to control the

definition of § 1983 claims and courts should not "mechanically apply" the law of New York

State).

To establish a false-arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted). Officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation omitted). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

Plaintiff does not provide facts explaining the context for his arrest, and thus he does not allege facts suggesting that the police officers lacked probable cause to arrest him on August 1, 2019. In short, he fails to allege that "the facts known by the arresting officer[s] at the time of the arrest" did not "objectively provide[] probable cause to arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to

explore and eliminate every theoretically plausible claim of innocence before making an

arrest.").

>    The Court grants Plaintiff leave to file an amended complaint to provide facts giving rise

to a viable false arrest claim.

**D.      Conditions of Confinement**

>    A pretrial detainee asserting that defendants' deliberate indifference to his conditions of

confinement violates the Fourteenth Amendment must satisfy two elements: (1) an "objective"

element, which requires a "showing that the challenged conditions were sufficiently serious to

constitute objective deprivations of the right to due process," and (2) a "subjective" or "mental

element" prong, which requires a "showing that the officer acted with at least deliberate

indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

>    To meet the first element, the plaintiff "must show that the conditions, either alone or in

combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717

F.3d 119, 125 (2d Cir. 2013) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The

deprivations must also be measured by their "severity and duration, not the resulting injury."

*Darnell*, 849 F.3d at 32. The second element of the deliberate indifference test requires the

plaintiff to allege "that the [defendant] acted intentionally to impose the alleged condition, or

recklessly failed to act with reasonable care to mitigate that the condition posed to the pretrial

detainee even though the [defendant] knew, or should have known, that the condition posed an

excessive risk to health or safety." *Id.* at 35.

>    Moreover, to state a claim under § 1983, a plaintiff must allege facts showing the

defendants' direct and personal involvement in the alleged constitutional deprivation. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in

this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, No. 19-3712, _ F.3d _, 2020 WL 7687688, at *7 (2d Cir. 2020).

Plaintiff's allegations of mistreatment or abuse are insufficient to plead either that the conditions he faced were sufficiently serious to rise to the level of a constitutional violation, or to plead that any defendant had the requisite state of mind. Plaintiff thus fails to state a claim that any defendant acted with deliberate indifference to the unconstitutional conditions of his confinement at MDC.[2]

The Court grants Plaintiff leave to file an amended complaint to provide facts stating a conditions-of-confinement claim, and to name individuals who were personally involved.

---

[2] Plaintiff asserts a claim of mail tampering. A prisoner's First Amendment rights encompass the right to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)). To state a claim based on mail tampering, a plaintiff must provide facts suggesting (1) an ongoing practice of censorship unjustified by a substantial government interest, or (2) that jail officials have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. There are insufficient facts in the complaint to state a mail tampering claim.

### E.     Habeas Claims

To the extent Plaintiff is challenging the constitutionality of his custody, the Court liberally construes his submission as a *habeas corpus* petition filed under 28 U.S.C. § 2241. Under § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under § 2241 to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking § 2241 *habeas corpus* relief, however, a state pretrial detainee must first exhaust her available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

There is no indication that Plaintiff has exhausted his state court remedies by filing a state-court *habeas corpus* petition, or by appealing that denial all the way up to the New York Court of Appeals. Because Plaintiff does not show that he exhausted his available state-court

remedies before filing a § 2241 petition in this Court, the Court denies without prejudice any application for relief under § 2241.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)   give the names and titles of all relevant persons;

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses Plaintiff's claims against Defendants Lineburger, Finston, Gilberth, Judge Mennin, and Judge John Doe. 28 U.S.C. §1915(e)(2)(B)(ii), (iii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-11043 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the

complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   January 29, 2021
         New York, New York

_____
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

\_\_\_\_\_CV_____
(Include case number if one has been
assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                             State                      Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                  Last Name                  Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State              Zip Code

Defendant 2:

First Name                  Last Name                  Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State              Zip Code

Defendant 3:

First Name                  Last Name                  Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State              Zip Code

Defendant 4:

First Name                  Last Name                  Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State              Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Prison Address |
|---|

| County, City | State | Zip Code |
|---|---|---|


Date on which I am delivering this complaint to prison authorities for mailing: _____